UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELVIN HARTFIELD, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2045 |
| | ) | |
| CITY OF URBANA, et.al., | ) | |
|    Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed his lawsuit against seven Defendants including the City of Urbana, Sheriff Dustin Heurman, Body Camera Coordinator John Doe, and Deputy Sheriffs Joshua Demko, Richard Ferriman, Robert DeRouchie, and Casey Donovan. The 141-page complaint includes approximately 120 pages of exhibits. (Comp., [1], p. 22-141). However, the Court will only consider claims articulated in the body of the complaint.

Plaintiff focuses on the events of July 26, 2016 leading up to his arrest for armed robbery and aggravated discharge of a firearm. (Comp., [1]). Plaintiff in particular

1

objects to the Defendants' failure to either turn on or properly use their body-camera equipment during the initial surveillance, chase, and arrest.

Plaintiff says Defendants were initially provided information concerning the description and location of suspects involved in an armed robbery. Defendant Demko was involved in a "stake out" of the establishment which was robbed during the early morning hours of July 26, 2016. (Comp., [1], p. 5). The officer observed a suspect and vehicle which matched the description given, and he coordinated with Defendants DeRouchie, Donovan, and Ferriman to pull the vehicle over. The suspect took off running and at some point, turned and shot at the officers. The officers were able to describe the individual's physical build and clothing, but they were unable to clearly see his face in the darkness. None of the officers recorded the events. Officers either claimed the events occurred too quickly or one officer's camera battery died. Plaintiff says the failure to use the body-camera equipment violates the Sheriff's policy, but none of the Defendants were disciplined.

One of the exhibits attached to Plaintiff's complaint is a letter from Lieutenant Tony Shaw address to the Plaintiff. (Comp., [1], p. 34). The letter indicates it is in response to Plaintiff's grievance based on the Defendants failure to activate their body cameras during a July 26, 2016 investigation. The Lieutenant indicates an agency review and "operational debrief was conducted shortly after the incident." (Comp., [1], p. 34).

> I find the complaint "sustained" regarding the actions of Deputy Ferriman, Deputy Donovan, Deputy Demko,…and Deputy DeRouchie for their noncompliance with CCSO policy. This was used (as) a training

point, which all required to review the body worn camera policy. None were suspected of intentionally disregarding the policy and therefore no additional actions/discipline was taken. (Comp., [1], p. 34).

Plaintiff was arrested on July 27, 2016 and he was taken to a local hospital for treatment of a laceration on his arm. Plaintiff says the Defendants implied his injury was due to the officer's returned gunfire, but Plaintiff claims there was never any medical evidence establishing the connection. Plaintiff also alleges other evidence presented during his trial was not insufficient. Furthermore, Plaintiff maintains if the officers had activated their body cameras, the evidence would have been exculpatory. Nonetheless, Plaintiff did proceed to trial with counsel and he was ultimately found guilty of armed robbery and one count of aggravated discharge of a firearm.[1]

Based on the events, Plaintiff has identified several counts including two vague conspiracy allegations, a state claim of intentional infliction of emotional distress, and "due process, fundamental fairness," and equal protection violations. (Comp., [1], p. 15). Plaintiff requests damages and a court order dismissing certain evidence presented against him at trial including police reports, supplemental reports, cellular phone reports, various photographs and screen shots, and a gun and ammunition. In addition,

---

[1] Plaintiff was originally convicted of four counts of aggravated battery of a firearm, but an Illinois Appellate Court found three of the convictions were "statutorily unauthorized surplusage, given the charges." *People v. Hartfield*, 2020 IL App (4th) 170787, ¶ 94, -- N.E. 3d.-- (Ill.App. 4 Dist., 2020)

Plaintiff asks for a post-trial "evidentiary hearing" in his state court criminal case to address the failure to provide body camera video. (Comp., [1], p. 18)

The Court notes even if the Defendants had intentionally violated the county's body camera policy, the violation does not state a violation of Plaintiff's constitutional rights. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."); *Townsend v. Neal*, 2021 WL 2721372, at *1 (N.D.Ind. June 30, 2021)("a policy violation does not amount to a constitutional violation.").

In addition, Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey,* 114 S.Ct. 2364, 2372–73, 512 U.S. 477, 486–87 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 486–87 (footnotes omitted, emphasis in original).

Plaintiff claims the Defendants' intentionally failed to turn on their body cameras

to avoid providing exculpatory evidence, conspired to prevent Plaintiff from obtaining exculpatory evidence, provided "false witness accounts "and "false testimony," and provided insufficient evidence for conviction. (Comp., [1], p. 12, 14).  Furthermore, Plaintiff asks this Court to strike evidence presented against him and order the state court to hold an additional evidentiary hearing.[2] A decision in Plaintiff's favor "would necessarily imply the invalidity of his conviction." *Heck,* 512 U.S. at 487; *see also Savory v. Cannon*, 947 F.3d 409, 415 (7th Cir. 2020).

Finally, the incident alleged occurred five years ago on July 26, 2017 and is outside the required two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. The Court also declines to exercise supplemental jurisdiction over any claims arising

---

[2] To the extent Plaintiff is attempting to obtain his release from custody, he cannot obtain this relief in a lawsuit pursuant to §1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (*habeas corpus* is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).  In addition, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate."

*Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007), *citing Younger v. Harris*, 401 U.S. 37, 43 (1971)

under state law and dismisses those state law claims without prejudice. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 19th day of July, 2021.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE